UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES S. HOWLETT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:12-cv-00475-TWP-MJD |
| JEFFREY HACK, JOANNA DAVEY, CLAUDE MILLER, TERESA MILLER, STEVEN BEASLEY, and the CITY OF INDIANAPOLIS, | ) |
| Defendants. | ) |

## ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

This case arises from ongoing feuds between neighbors—reminiscent of the legendary "Hatfield's and McCoy's"—that have resulted in multiple run-ins with law enforcement, criminal charges and civil actions. Plaintiff Charles S. Howlett ("Howlett") has filed several state and federal claims alleging false arrest, malicious prosecution, retaliation and conspiracy against his neighbors, Defendants Jeffrey Hack, Joanna Davey, Claude Miller and Teresa Miller (collectively, the "Civilian Defendants"), arising from one such incident where Howlett was arrested, charged, and later acquitted of breaking into Jeffrey Hack's home, assaulting and then fondling him. Howlett has also asserted claims against Indianapolis Metropolitan Police Officer Steven Beasley (individually, "Officer Beasley") and the City of Indianapolis (individually, "the City") (collectively, the "City Defendants") for false arrest, malicious prosecution, withholding exculpatory evidence and conspiracy. The City Defendants and the Civilian Defendants filed Motions for Summary Judgment (Dkts. 80 and 81). For the reasons set forth below, the Civilian Defendants' and the City Defendants' Motions for Summary Judgment are **GRANTE**D.

## I. BACKGROUND

The following material facts are not in dispute and are viewed in the light most favorable to Howlett as the non-moving party. On October 25, 2009, Indianapolis Metropolitan Police Department ("IMPD") dispatch received a 911 call that someone had broken into a man's home and assaulted him. At approximately 6:30 a.m., Officer Beasley was dispatched to 418 South Butler Avenue in Indianapolis, Indiana to investigate the report. While en route, Officer Beasley was advised that the alleged perpetrator was no longer at the scene. When he arrived at the residence, Officer Beasley spoke to the alleged victim, Jeffery Hack ("Hack"). Hack lived at 418 South Butler Avenue along with his mother, Joanna Davey ("Ms. Davey"). Hack stated that he was in bed when he was suddenly awakened by his neighbor, Charles Howlett. Hack informed Officer Beasley that Howlett lived across the street from him at 419 South Butler Avenue, and it was his belief that Howlett gained access to his residence through a bathroom window by climbing on top of an air conditioning unit and prying the window open. Hack told Officer Beasley that Howlett grabbed him around the shoulders and threatened him – stating that he would pay for what had happened in the past – then Howlett reached his hand down the front of Hack's pants. Hack responded by punching Howlett, and Howlett fled back through the same bathroom window through which he had entered the residence. Hack further stated that Howlett did not have his permission to enter his residence, and he was certain it was Howlett who broke into his home.

After taking Hack's statement, Officer Beasley proceeded to Howlett's residence across the street, but Howlett did not respond to a knock on the door. Officer Beasley was able to obtain Howlett's telephone number from an unidentified female and called Howlett. Howlett agreed to return to the scene to speak with Officer Beasley and further added, without any

questioning by Officer Beasley, that he did not break into Hack's house or "get into his pants." Officer Beasley asked Howlett why he believed Hack was the person who had reported him and why he would make such a statement, since Officer Beasley had not stated anything regarding the nature of the 911 call, to which Howlett replied, "Because that's what Hack always says."

When Howlett arrived back at the scene, Officer Beasley detained him and read him his *Miranda* rights. Howlett denied making an illegal entry into Hack's bathroom and/or speaking with Hack during the early morning hours of October 25, 2009. Hack positively identified Howlett as the person who broke into his home and assaulted him. Based upon Hack's complaint and positive identification, Officer Beasley believed he had sufficient probable cause to arrest Howlett for Residential Entry and Invasion of Privacy.

On October 28, 2009, a Marion Superior Court magistrate found there was probable cause for Howlett's arrest, and the Marion County Prosecutor's Office formally charged him with Burglary, Criminal Confinement, Residential Entry, Intimidation, Battery and Invasion of Privacy. Ms. Davey provided testimony at Howlett's bond hearing. Howlett remained in jail through the trial date of April 4, 2010. Neighbors Claude Miller and Teresa Miller (collectively "the Millers") were involved in the subsequent criminal proceedings and provided deposition and trial testimony. The Miller's each testified at trial that on the morning of the incident they heard a noise and saw a flash light outside of Hack's house. At trial, Hack testified that he was woken up by Howlett, wearing a white t-shirt, entering his window and getting into a fight with him. During his trial testimony, Officer Beasley also testified that he had identified Howlett based in part on a white shirt that Hack told him Howlett was wearing. On the date of the incident, Howlett was wearing a tan colored shirt. On April 4, 2010, Howlett was acquitted of all charges by a jury. Additional facts will be added as necessary.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat the motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute between the parties . . . nor the existence of some metaphysical doubt as to the material facts . . . is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III. DISCUSSION

In his Second Amended Complaint (Dkt. 57), Howlett asserts claims of false arrest and malicious prosecution against Officer Beasley, Hack, Ms. Davey, Claude Miller and Teresa Miller; a claim of withholding of exculpatory evidence against Officer Beasley; and retaliation claims against Hack, Ms. Davey, Claude and Teresa Miller. He asserts that the City is liable for

the state law claims against Officer Beasley. Howlett also asserted three conspiracy claims against the Civilian and the City Defendants; however, he withdrew these claims due to a lack of sufficient evidence of an agreement between Officer Beasley, Hack, Ms. Davey, and Mr. and Mrs. Miller. Dkt. 90 at 1 n.1. Therefore, the Court finds that these claims are waived and **GRANTS** summary judgment in favor of all Defendants on those counts of the Second Amended Complaint. The remaining claims will be addressed in turn.

A.  **False Arrest Claims**

In his Second Amended Complaint, Howlett claims that the Civilian Defendants conspired to have him falsely arrested in violation of the United States Constitution and Indiana common law. However, as stated above, he has voluntarily withdrawn his conspiracy claims and does not separately allege claims of false arrest against each Defendant, as he does with his malicious prosecution claims. Nevertheless, even if the Court construes Howlett's complaint as alleging claims for false arrest, these claims fail because they are barred by the statute of limitations.

The statute of limitations for false arrest claims brought under both 42 U.S.C. § 1983 ("§ 1983") § 1983 and Indiana common law is two (2) years. With respect to Howlett's federal claims, because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. The Supreme Court has held that § 1983 claims are considered personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in Ind. Code § 34–11–2–4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996). Howlett argues that the five-year statute of limitations under Ind. Code § 34-11-2-6 applies because he brought suit against an Indiana

public officer. However, in *Coopwood v. Lake Cnty. Cmty. Dev. Dept.*, 932 F.2d 677, 679 (7th Cir. 1991), the Seventh Circuit held that the Supreme Court's decision in *Wilson* overruled *Blake v. Katter*, 693 F.2d 677, 680 (7th Cir. 1982), so that a § 1983 action against an Indiana public official is controlled by Indiana's two-year statute of limitations for personal injury actions. *Campbell*, 95 F.3d at 580. Although the court in *Campbell* suggested that the five-year statute of limitations may apply to state law false arrest claims, the Indiana Court of Appeals has held that the two-year statute of limitations also applies to state false arrest claims. *Johnson v. Blackwell*, 885 N.E.2d 25, 30 (Ind. Ct. App. 2008).

Because the statute of limitations for false arrest begins to run at the time the claimant becomes detained pursuant to legal process, which in this case was October 2009, Howlett's federal and state false arrest claims are time barred. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) (false arrest claim under § 1983); *Johnson*, 885 N.E.2d at 30 (Indiana common law false arrest claim). Therefore, the Civilian and the City Defendants' Motions for Summary Judgment on Howlett's false arrest claims are **GRANTED**.

**B.  Malicious Prosecution Claims**

  **1.  State Malicious Prosecution Claims**

Under Indiana law, a claim for malicious prosecution requires the proof of four elements: "(1) the defendant instituted or caused to be instituted a prosecution against the plaintiff; (2) the defendant acted with malice in doing so; (3) the prosecution was instituted without probable cause; and (4) the prosecution terminated in the plaintiff's favor." *Butt v. McEvoy*, 669 N.E.2d 1015, 1017 (Ind. Ct. App. 1996). Howlett's state law claims fail for several reasons.

First, Howlett cannot satisfy the third element of his claim because probable cause existed for his arrest. Indiana courts have held that "a judicial determination of probable cause in

a criminal proceeding constitutes prima facie evidence of probable cause in a subsequent civil lawsuit alleging malicious prosecution." *Glass v. Trump Ind., Inc.*, 802 N.E.2d 461, 467 (Ind. Ct. App. 2004) (citing *Conwell v. Beatty*, 667 N.E.2d 768 (Ind. Ct. App. 1996)).

The plaintiff in a malicious prosecution action may rebut a *prima facie* case of probable cause only by introducing evidence that shows the finding of probable cause was induced by false testimony, fraud, or other improper means; it may not be overcome by merely showing "a negligent failure to investigate thoroughly where there is some factual basis for bringing a claim." *Id.* Probable cause only requires sufficient evidence to induce a reasonably intelligent and prudent person to believe that the accused committed the crime charged. *Id.* at 466-67; *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994). A finding of probable cause does not mean that there is enough evidence, at the time of the arrest, to support a conviction of the offense, only that the criminal activity "probably" occurred. *United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003); *Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003).

Howlett argues that the discrepancy of fact regarding the color of his shirt at the time of the incident creates a question of material fact as to whether probable cause existed for the officer to arrest him. This factual discrepancy, even if accepted as true, is immaterial and not sufficient to negate a finding of probable cause. Regardless of the color of Howlett's shirt, Officer Beasley still had the eyewitness statement of Hack identifying Howlett as the person who broke into his residence. Police officers are permitted to rely on information provided to them by eyewitnesses, if the officer reasonably believes that the eyewitness is telling the truth. *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 524 (7th Cir. 2001). Howlett has not sufficiently rebutted the *prima facie* showing that probable cause existed for his arrest, thus his malicious prosecution claim fails under Indiana law.

Second, none of the Defendants are subject to liability for malicious prosecution. With regard to the Civilian Defendants, Howlett cannot satisfy the first element of his claim because they did not institute or cause to be instituted prosecution against him. The prosecution was instituted by the Marion County Prosecutor, who made an independent determination of whether to pursue criminal charges against Howlett after reviewing the information obtained by IMPD. *See Conwell*, 667 N.E2d at 778. With regard to Officer Beasley and the City, these Defendants have absolute immunity from claims of malicious prosecution under Ind. Code § 34-4-16.5-3(5). "[T]he legislature fully intended to extend immunity to the State of Indiana and other political subdivisions and their police officers in actions for malicious prosecution." *Butt*, 669 N.E.2d at 1017 (quoting *Livingston v. Consolidated City of Indianapolis*, 398 N.E.2d 1302, 1305 (Ind. Ct. App. 1979)).

Because Mr. Howlett cannot satisfy all of the elements for a state law claim of malicious prosecution against any of the Defendants, they are entitled to summary judgment on these claims.

### 2. Federal Malicious Prosecution Claims

Generally, a claim of malicious prosecution brought under § 1983 is not actionable where an adequate remedy exists under state law. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). However, the Seventh Circuit recently held in *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013), that absolute immunity granted by the Indiana legislature to state officers under Ind. Code § 34-13-3-3(6) results in the failure of Indiana law to provide an adequate remedy for malicious prosecution against those immune under Indiana law, thus a federal claim for malicious prosecution is actionable for Indiana claimants. As discussed above, Officer Beasley and the City are absolutely immune from claims of state law malicious prosecution claims, so Howlett

has stated a claim for malicious prosecution under § 1983 against these Defendants. However, Howlett may not bring federal malicious prosecution claims against the Civilian Defendants because they are not subject to immunity under Ind. Code § 34-13-3-3. *See Newsome*, 256 F.3d at 751.

To state a claim for malicious prosecution under § 1983, Howlett must show that: "(1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Washington v. Summerville*, 127 F.3d 552, 558-59 (7th Cir. 1997). Howlett's § 1983 malicious prosecution claims against Officer Beasley and the City fail because he cannot satisfy the requirements of a state law cause of action for malicious prosecution. *See Washington*, 127 F.3d at 559 (federal malicious prosecution claim fails where plaintiff cannot satisfy the requirements of a state law cause of action for malicious prosecution). In addition to not satisfying the third element of the state law claim, Howlett has also admitted that he has no evidence that Officer Beasley acted with any malice against him when he placed him under arrest. Howlett Dep. 52:7-10, Dkt. 83-5 at 5.

Because Howlett cannot satisfy the elements of both his state and federal malicious prosecution claims against all Defendants, the Motions for Summary Judgment on these claims are **GRANTED**.

C. **Failure to Disclose Exculpatory Evidence**

Howlett alleges that Officer Beasley's failure to disclose that he was wearing a tan shirt, not a white shirt as indicated in the probable cause affidavit, and information that Howlett had not said anything about being in Hack's bathroom, constitutes withholding of exculpatory evidence. Howlett alleges that these facts could have caused the prosecutor's office not to bring

9

charges had they been disclosed. However, Howlett misapplies the rule requiring the disclosure of exculpatory evidence. The Seventh Circuit has held that due process claims against the police alleging the withholding of evidence should be analyzed under the framework set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). *See Newsome*, 256 F.3d at 752. The government violates the rule set out in *Brady* when it deliberately or inadvertently withholds evidence that is material and favorable to the defense, preventing the defendant from using the evidence at trial. *See Evans v. Cir. Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009) ("Until a trial has been held, it is not possible to be sure what will and will not be disclosed or whether any non-disclosure is material."); *United States v. Wilson,* 481 F.3d 475, 480 (7th Cir. 2007). There can be no *Brady* violation at the time the accused is charged, only where the evidence was not disclosed to the accused prior to the conclusion of the trial. *Ray v. City of Chi.*, 629 F.3d 660, 664 (7th Cir. 2011).

Howlett does not allege that this information was not available to him at trial, only that it should have been disclosed to the prosecutor, which he argues would have prevented the prosecutor's office from bringing charges against him. Even if the Court were to assume that the evidence in question was actually exculpatory, "[t]he Due Process Clause . . . does not compel prosecutors to dismiss its cases before trial based on exculpatory evidence in its possession . . . ." *Garcia v. City of Chi., Ill.*, 24 F.3d 966, 971 (7th Cir. 1994). "Not all exculpatory evidence irrefutably proves the defendant's innocence. . . . [T]he prosecutor can proceed to trial if the prosecutor believes doing so is warranted." *Id.* In addition to speculating without any additional evidence as to how disclosure of these facts would have impacted the prosecutor's discretion to pursue charges against Howlett, this argument misconstrues the purpose of the rule set forth in

10

*Brady*. *Brady* is not a pre-trial discovery rule; rather, its purpose is to permit the accused to have access to potentially exculpatory evidence for use at trial.

In addition, the *Brady* rule applies only to evidence that is exclusively within the possession of the prosecutor, not to evidence that is within the knowledge of the accused. "*Brady* requires disclosure only of exculpatory material known to the government *but not to the defendant*." *United States v. Mahalick*, 498 F.3d 475, 478-79 (7th Cir. 2007) (emphasis in original); *see also Holland v. City of Chi.*, 643 F.3d 248, 255 (7th Cir. 2011) ("It is well established that *Brady* requires that material exculpatory evidence, *unavailable to the defense but known to the prosecution*, must be disclosed." (emphasis added)). Howlett was fully aware of the color of his shirt and of what he did or did not say to Officer Beasley at the time of his arrest, thus this information could not have been withheld from him and he was fully able to utilize it, which in fact he did, during his trial. Therefore, the City Defendants' motion for summary judgment on Howlett's claim that Officer Beasley withheld exculpatory evidence in violation of the due process clause is **GRANTED**.

**D.     Retaliation**

Finally, Howlett asserts that the Civilian Defendants retaliated against him after being served with notice of this lawsuit by vandalizing his car; however, he has provided no valid legal or factual basis for such a claim. There is no independent cause of action for retaliation that applies under these circumstances. Howlett argues that Indiana Code § 35-44.1-2-2 applies in this case. However, this statute is a criminal obstruction of justice statute. Howlett does not cite to, nor has the Court been able to find, any case law where this statute has been applied to give a civil litigant a private right of action, and the Court declines to interpret and apply Indiana law in such an unprecedented manner.

In addition, Howlett has presented no factual evidence to support such a claim. He alleges that the same day the Civilian Defendants were served with notice of this lawsuit, his car was vandalized and that Hack, Ms. Davey, Claude Miller and/or Teresa Miller vandalized his car in retaliation for filing this lawsuit. However, he provides no evidence, outside of his own speculation, which would indicate the Civilian Defendants were responsible for the vandalism, and that the vandalism was intended to interfere with this case.[1] Mere speculation is not sufficient to defeat summary judgment. *Hedberg v. Ind. Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995) ("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." (emphasis in original)).

Alternatively, Howlett argues his claim of retaliation under an abuse of process theory. He argues that Hack and the Miller's falsely reported that he committed various criminal acts, filed a Petition for Contempt which had no merit, alleged that Howlett had broken into Hack's house, that he had multiple guns in his house and made false accusations that Howlett set Hacks lawn chair on fire; allegedly to prevent Howlett from pursuing this civil case against them.[2] "In order to prevail upon a claim of abuse of process, a party must prove the following elements: 1) An ulterior purpose; and 2) a willful act in the use of process not proper in the regular conduct of the proceeding." *Reichhart v. City of New Haven*, 674 N.E.2d 27, 30 (Ind. Ct. App. 1996). A party may not be liable for abuse of process where legal process has been used to accomplish an outcome which the process was designed to accomplish, and a party's intent in doing so is irrelevant so long as his acts are procedurally and substantively proper under the circumstances.

---

[1] Howlett's argument that suspicions timing supports an inference of causation is grossly misplaced, as the case he cites in support of his argument, *Porter v. City of Chi.*, 700 F.3d 994, 958 (7th Cir. 2012), applies this principle in the specific context of a Title VII employment discrimination case, which is both legally and factually irrelevant to this case.

[2] Howlett does not allege that Ms. Davey made any criminal allegations against him subsequent to the filing of this lawsuit.

*Id.* at 31. Hack and the Miller's each used the criminal judicial process for its intended purpose, which was to address alleged criminal activity. Whether they had ulterior motives in doing so is irrelevant for purposes of an abuse of process claim. Therefore, Howlett has not satisfied the elements of an abuse of process claim against Hack and the Miller's.

Because Howlett has provided no legal or factual basis for his claim of retaliation, the Civilian Defendants' Motion for Summary Judgment on these claims is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Officer Beasley and the City (Dkt. 81) and the Motion for Summary Judgment filed by Hack, Ms. Davey, Claude Miller and Teresa Miller (Dkt. 80) are **GRANTED**, and the claims in Howlett's Second Amended Complaint (Dkt. 57) are **DISMISSED**.

**SO ORDERED.**

Date: 01/24/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

A. Douglas Stephens
indylaws@aol.com

Ronald William Frazier
FRAZIER & ASSOCIATES
ron@frazierattorneys.com

Beth Ann Garrison
OFFICE OF CORPORATION COUNSEL
beth.garrison@indy.gov

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com